UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIM JAMES WASHINGTON,            )
                                 )
            Plaintiff,           )
                                 )
       v.                        )   No. 4:11-CV-1865-NAB
                                 )
MISSOURI DEPARTMENT OF CORRECTIONS, )
et al.,                          )
                                 )
            Defendants.          )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Tim James Washington (registration no. 46985) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period.  See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff states that he has made numerous attempts to obtain an inmate account statement, but to no avail. See 28 U.S.C. § 1915(a)(1),(2). Under these circumstances, the Court will allow plaintiff to proceed in forma pauperis and will not assess an initial partial filing fee.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the

2

plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint and supplement**

Plaintiff, an inmate at the St. Louis City Justice Center ("SLCJC") seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Missouri Department of Corrections, City of St. Louis, St. Louis City Justice Center, and the Missouri Board of Probation and Parole. Plaintiff alleges: (1) because of negligence, he was not able to participate in the TAP program; (2) because his parole office could not direct him to the TAP program, he became indigent and homeless, leading him to commit a robbery; (3) SLCJC is overcrowded, unsanitary, and poorly managed; (4) the meals at SLCJC are insufficient, telephone service to attorneys has been "interrupted," and "there are no mail clerks"; (5) SLCJC staff is corrupted and incompetent; (6) the grievance process in hindered; (7) requests to see a case worker can take months; (8) the G.E.D. program does not include actual teaching or learning materials; (9) the prison psychologist has failed to help him; and (10) "[t]here is discrimination . . . perpetrated by the Judicial System."

**Discussion**

Having carefully reviewed the complaint and supplement, the Court concludes that this action will be dismissed as legally frivolous.

3

Although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. Id. at 694. There being no such allegation in the present action, the complaint is legally frivolous as to defendant City of St. Louis.

Plaintiff's claims against the Missouri Department of Corrections and the Missouri Board of Probation and Parole are barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Jackson v. Missouri Board of Probation and Parole, 306 Fed. Appx. 333(8th Cir. 2009). Moreover, a suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). Similarly, the complaint is legally frivolous as to defendant SLCJC, because the SLCJC is not a "person" for purposes of § 1983. See e.g. McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890 (E.D. Va. 1992) (local jails are not "persons" under section 1983).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of January, 2012.


/s/Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**